**Boota SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76234.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 9, 2006.

Unit N, Yuba City, CA, for Petitioner.

Mary Jane Candaux, Esq., Melissa Neiman–Kelting, U.S. Department of Justice

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

Boota Singh, a native and citizen of India, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") adopting and affirming an immigration judge's ("IJ") order denying his motion to reopen removal proceedings in which he was ordered removed in absentia. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), we grant the petition for review and remand for further proceedings.

Singh submitted evidence with his motion to reopen that includes a report from a doctor he saw two days before the hearing "advis[ing] complete bed rest for 10 days" to treat an acute lumbar sprain. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings ... shall be supported by affidavits or other evidentiary material."). Moreover, Singh's evidence indicates that he arranged for the doctor's report to be faxed to his former attorney on the morning of Monday September 11, 2003, before his 1 PM hearing. The IJ's decision did not inform Singh that he should submit an affidavit by his attorney to validate the attorney's claim that he notified the Immigration Court of Singh's inability to attend the hearing. *See Balbir Singh v. INS*, 213 F.3d 1050, 1053 (9th

Cir.2000) (emphasizing lack of notice that petitioner "was required to provide ... specific pieces of evidence [the absence of] which the BIA viewed as fatal" to his motion). Considering the "particularized facts" presented, *see id.* at 1052, we conclude that the BIA abused its discretion in determining that Singh did not demonstrate that he was prevented from appearing at his hearing by the exceptional circumstance of a "serious illness ... beyond [his] control." *See* 8 U.S.C. § 1229a(e)(1).

The Clerk shall serve a copy of this disposition on Singh, as well as on his former attorney, Randhir Kang, who has not complied with this court's January 13, 2006 instructions to submit proof of his efforts to deliver court mail to Singh.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

